**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREDDY AGUILERA QUINJANO,** | : | **CIVIL ACTION NO. 3:11-CV-2254** |
| Petitioner | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | **(Magistrate Judge Blewitt)** |
| **WARDEN HOWARD HUFFORD, et al.,** | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On December 6, 2011, Petitioner Freddy Aguilera Quinjano, an inmate at the Federal Correctional Institution at Schuylkill ("FCI-Schuylkill"), in Minersville, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). On February 15, 2012 after receiving an extension of time, Petitioner paid the filing fee. (Doc. 9). Named as sole Respondent is Howard Hufford, Warden, FCI-Schuylkill.

On February 21, 2012 we issued a Show Cause Order directing the Clerk of Court to serve the habeas petition on Respondent and directing Respondent to respond to it. (Doc. 11). Respondent filed its Response to the habeas petition with exhibits on March 26, 2012. (Doc. 16). Petitioner filed his Traverse on April 6, 2012. (Doc. 17).

Petitioner's habeas petition is ripe for disposition.[1]

---

[1] The undersigned has been assigned this case for issuance of an R&R.

## II. Petitioner's Background.

The Bureau of Prisons ("BOP") records indicate that Petitioner, inmate Federal Register No. 08389-016, was sentenced to a life sentence imposed by this Court, by the Honorable Judge Malcolm Muir, on August 11, 1997, for conspiracy to possess with intent to distribute in excess of 5 kilograms of cocaine. (Doc. 16, Ex. A, ¶ 8).[2] Petitioner was also sentenced to a 30-year term of imprisonment by the United States District Court for the Southern District of Florida ("SDFL") for possession and conspiracy with intent to distribute at least 5 kilograms of cocaine on July 15, 1988. (*Id.*, ¶ 5). The United States District Court for the Northern District of New York ("NDNY") sentenced Petitioner on August 16, 1989, to a 30 year consecutive term with no parole eligibility for engaging in a continuing criminal enterprise and possession, manufacture, and possession with intent to distribute cocaine. (*Id.*, ¶ 6). On June 25, 1990, the United States District Court for the Middle District of North Carolina ("MDNC") sentenced Petitioner to a 15 year term of imprisonment concurrent to the 30 year NDNY term for conspiracy to manufacture and possession with intent to distribute cocaine hydrochloride. (*Id.*, ¶ 7).

## III. Petitioner's Habeas Claims.

Petitioner claims that as a result of the BOP's computation of his sentences "the U.S. Parole Commission ("USPC") lists the movant, who is currently 65 years old, as inegilible(sic) for parole and projects that he will be released in 2047, by grouping the consecutively 30 years non-parolable sentence of Case No. 87-cr-255 ... with Case No. 87-cr-710", which brings together a 60 year term

---

[2] Petitioner also states the background of his case in his habeas petition, Doc. 1, pp. 2-3 & 5.

of imprisonment. (Doc. 1, p. 9). Petitioner further states that under prior law he would be eligible for parole in Case No. 87-cr-710 after the completion of one third of his "30 year sentences concurrently." (*Id.*). Petitioner further argues:

> [Petitioner] committed his crime before the effective date of the SRA of 1984, and the statute governing his parole eligibility did not became (sic) in effect after November 1, 1987. 18 U.S.C. § 4205(a). provides that no sentence was parolable for sentence imposed after the effective date of November 1, 1987. 28 U.S.C. § 841(b)(1).

(Doc. 1, p. 10).

Petitioner contends that he is being deprived of an "interim parole hearing." (*Id.*, p. 4). Petitioner asserts that "his series of alternating parolable and no-parolable (sic) sentences makes [Petitioner's] parole eligibility much sooner than 60 years after the first day of [Petitioner's] incarceration." (*Id.*). Petitioner indicates that if the BOP properly computed his parolable and non-parolable sentences, he would be eligible for parole in 23 years and 5 months and not 60 years. (*Id.*). Petitioner states that all of his parolable and non-parolable sentences should have aggregated into one sentence. (*Id.*). Petitioner states that when the non-parolable portion of his aggregated sentence expires, he will be eligible to obtain a release date for the remaining parolable portion of his sentence. (*Id.*). Additionally, Petitioner states that "since the parolable and non-parolable sentences are aggregated [into one sentence], the [USPC] should credit [the period the inmate served under his non-parolable portion] to the parolable portion [of his sentences]." (*Id.*).

Thus, Petitioner maintains that if the BOP computed his parolable and non-parolable sentences correctly, and backdated his third, non-parolable sentence of 30 years to start at the first

date of his incarceration, he would be entitled to a parole hearing date on his parolable sentences. (*Id*.).

Petitioner claims that if his sentences were correctly aggregated considering that he was sentenced before the effective date of the 1984 Sentencing Reform Act ("SRA"), he would be eligible for a parole date at this time. (*Id.*, p. 9). Petitioner contends that the BOP and USPC should not have applied the SRA in calculating his sentences and should not have grouped his 30-year nonparolable sentence in his Case No. 87-cr-255 with his 30-year nonparolable sentence in Case No. 87-cr-710. (*Id*.). Petitioner states that under prior law, he would be eligible for parole on his 30-year sentence in Case No. 87-cr-710 after he completed one third of this sentence. (*Id.*, p. 10). Petitioner states that since the BOP and USPC improperly grouped his sentences, the USPC has found him ineligible for parole and projected his release date to be 2047. (*Id*.).[3]

Petitioner concludes his habeas petition by stating that his sentences are not being properly executed, and that the SRA should not have been applied to his sentences since he committed his crimes before its effective date. (*Id*., p. 11). Petitioner states that if his sentences were properly computed, he would eligible for parole. (*Id*.).

Petitioner filed a Petition for Writ of Habeas Corpus regarding the same claim on February 25, 2011. (3:11-cv-00367-JMM). On April 7, 2011, we issued a Report and Recommendation recommending that Petitioner's Petition be dismissed for failure to have exhausted his administrative remedies with the BOP. (*Id.*, Doc. 9). On July 29, 2011, the Court adopted the

---

[3]Petitioner indicates that he is currently 65 years old. Thus, Petitioner will be 101 years old at the time of his projected release date.

Report and Recommendation denying the Petition for Writ of Habeas Corpus.  (*Id.*, Doc. 12).

Petitioner attached a letter dated September 21, 2011 to his instant Petition for Writ of Habeas Corpus which appears to be a letter from the BOP Administrative Remedy Coordinator Central Office stating that additional time was needed by the BOP until October 14, 2011,  to respond to Petitioner's administrative remedy appeal. (Doc. 1, Ex. A).  Petitioner does not include any other documentation regarding his administrative remedy or the outcome of his appeal. Respondents have not raised the issue of exhaustion in the present case.   Therefore, we do not address whether Petitioner completed the exhaustion his administrative remedy and, we discuss the merits of his Petition.

## IV. Discussion.

As a preliminary matter, we agree with Petitioner that his action is a challenge to the execution of his sentences and, as such it is a petition for habeas corpus, pursuant to 28 U.S.C. § 2241.  *See Turnage v. U.S. Attorney General*, 2009 WL 604141, *3 ("A petition for writ of habeas corpus under §2241 is the proper vehicle for relief 'where Petitioner challenges the effect of events 'subsequent' to his sentence'," ..., and where he challenges the execution of his sentence rather than its validity, ... ."  (Internal citations omitted); *Brown v. Sniezek*, 2008 WL 4571876, *5 (M.D. Pa. 10-10-08).

Petitioner's argument is that under prior law, Sentence Computation Manual ("pre-CCCA of 1984") he would be eligible for parole on his 30-year sentence in Case No. 87-cr-710 after he completed one third of this sentence.  (Doc. 1, p. 10).  The first three sentences were computed pursuant to 18 U.S.C. § 4161 and BOP Program Statement 5880.30 resulting in an aggregated

5

nonparolable term of 60 years. Petitioner's 15 year parolable sentence was absorbed into that term resulting in a computed mandatory release date of February 17, 2024. Petitioner states that since the BOP and USPC improperly grouped his sentences, the USPC has found him ineligible for parole and projected his release date to be 2047. (Id.). Respondents contend that Petitioner committed the drug offenses subject to the life sentence pursuant to the Sentencing Reform Act ("SRA") imposed by this Court while in he was in prison. Respondents argue that Petitioner's life sentence cannot be aggregated with the earlier sentences and is not eligible for parole. A sentence imposed for an offense that occurred prior to November 1, 1987 (pre-CCCA of 1984) cannot be aggregated with a sentence imposed for an offense that occurred on or after November 1, 1987. (BOP Program Statement 5880.28). Thus, Respondents state that Petitioner's life sentence imposed by this Court was for offenses committed in 1994. Therefore, Respondents contend that Petitioner's life sentnece cannot be aggregated with his other sentences. We agree with Respondents.

In *Woodruff v. Williamson*, 2009 WL 703200, *9, (M.D. Pa. 2009), the Court stated:

> The SRA is part of the Comprehensive Crime Control Act of 1984 (CCCA) which was enacted into law on October 12, 1984, and became effective on November 1, 1987. The CCCA repealed an earlier GCT [Good Conduct Time] statute which applied different rates of GCT for different lengths of sentences and allowed prison officials to withhold or restore credits depending on an inmates subsequent behavior. The SRA enacted 18 U.S.C. § 3624(b) which provided all prisoners with the same opportunity to earn GCT each year so long as they comply with the BOP's institutional disciplinary rules. Under the SRA, GCT earned each year is vested at the end of that year and cannot be disallowed in the future. See 18 U.S.C. § 3624(b) (1987). On September 13, 1994, section 18 U.S.C. § 624(b) was amended as a result of the enactment of the Violent Crime Control and Law Enforcement Act of 1994 ("VCCLEA"). The VCCLEA applied to offenses committed on or after September 13, 1994, but before April 26, 1996, when the Prisoner Litigation Reform Act ("PLRA") went into effect and it was amended again...Nonetheless, "[s]entences

> imposed to offenses committed between November 1, 1987 to September 12, 1994, are computed under the SRA" and not the PLRA. *Vitrano v. Marberry*, 2008 WL 471642 (W.D.Pa. Feb.19, 2008).

The BOP Designation & Sentence Computation Center made the following determination regarding Petitioner:

> The sentences imposed by the SDFL, NDNY and MDNC were computed according to 18 U.S.C. § 4161 and Program Statement 5880.30, as an aggregated non-parolable term of 60 years. The parolable 15-year concurrent MDNC sentence is absorbed by the two (2) 30-year non-parolable, consecutive sentences. The Petitioner's mandatory release date on the aggregated 60-year term is February 17, 2024. On that mandatory release date, the Petitioner will begin serving the life term imposed by the MDPA.

(Doc. 16, Ex. A, ¶ 9).

We find that the life sentence imposed by this Court was for offenses committed by Petitioner in 1994 and, that it cannot be aggregated with Petitioner's prior sentences. Thus, we find that Petitioner is not eligible for parole and, that the BOP properly computed Petitioner's sentence. Thus, we find Petitioner's claim lacks merit and we will recommend that his habeas petition be denied.

## V. Recommendation.

Based upon the foregoing, it is respectfully recommended that Petitioner Quinjano's Petition for Writ of Habeas Corpus **(Doc. 1)** be denied.

                                         **s/ Thomas M. Blewitt**
                                         **THOMAS M. BLEWITT**
                                         **United States Magistrate Judge**

**Dated: May 24, 2012**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDDY AGUILERA QUINJANO,** | : | **CIVIL ACTION NO. 3:11-CV-2254** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | **(Magistrate Judge Blewitt)** |
| **WARDEN HOWARD HUFFORD, et al.,** | : | |
| | : | |
| **Respondents** | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 24, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                                         **s/ Thomas M. Blewitt**
                                                                         **THOMAS M. BLEWITT**
                                                                         **United States Magistrate Judge**

**Dated: May 24, 2012**