IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDDY AGUILERA QUINJANO,<br>Petitioner<br><br>v.<br><br>WARDEN HOWARD HUFFORD,<br>et al.<br>Respondents | No. 3:11cv2254<br><br>(Judge Munley)<br><br>(Magistrate Judge Blewitt) |

## MEMORANDUM

Before the court for disposition is Magistrate Judge Thomas M. Blewitt's report and recommendation (Doc. 18) proposing that the court deny Petitioner Freddy Aguilera Quinjano's habeas corpus petition (Doc. 1). Petitioner Quinjano filed objections to the report and recommendation (Doc. 19). The matter is ripe for disposition.

**Background**

Petitioner Freddy Aguilera Quinjano (hereinafter "petitioner") is incarcerated at the Federal Correctional Institution at Schuylkill in Minersville, Pennsylvania. (Doc. 1, Petition for Writ of Habeas Corpus (hereinafter "writ") at 2). Four federal district courts sentenced petitioner to varying terms of imprisonment on the following occasions:

(1) On July 15, 1988, the United States District Court for the Southern District of Florida (hereinafter "SDFL") sentenced petitioner to a thirty (30) year term of imprisonment for possession and conspiracy to

possess with intent to distribute at least five (5) kilograms of cocaine. (Doc. 16-1, Ex. A, Giddings Decl. (hereinafter "Giddings Decl.") ¶ 5).

(2) On August 16, 1989, the United States District Court for the Northern District of New York (hereinafter "NDNY") sentenced petitioner to a thirty (30) year term of imprisonment with no parole eligibility for engaging in a continuing criminal enterprise and possession, manufacture, and possession with the intent to distribute cocaine. (Id. ¶ 6). This sentence runs consecutively to petitioner's SDFL sentence. (Id.)

(3) On June 25, 1990, the United States District Court for the Middle District of North Carolina (hereinafter "MDNC") sentenced petitioner to a fifteen (15) year term of imprisonment for conspiracy to manufacture and possession with intent to distribute cocaine hydrochloride. (Id. ¶ 7). This sentence runs concurrently with petitioner's SDFL and NDNY sentences. (Id. ¶¶ 7, 9).

(4) On August 11, 1997, the United States District Court for the Middle District of Pennsylvania (hereinafter "MDPA") sentenced petitioner to a life sentence for conspiracy to possess with intent to distribute in excess of five (5) kilograms of cocaine and aiding and abetting. (Id. ¶ 8).

On December 6, 2011, petitioner filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges

the length of his federal prison term, alleging: (1) that the Federal Bureau of Prisons (hereinafter "BOP") mistakenly calculated his SDFL sentence under the Sentencing Reform Act of 1987 (hereinafter "SRA") instead of the federal parole statutes in effect at the time the alleged offenses were committed, including 18 U.S.C. §§ 4161-4166, 4201-4218 (repealed) (hereinafter "former law"); and (2) that this mistake resulted in the denial of his parole eligibility. (Doc. 1, Pet. for Writ of Habeas Corpus at 4, 9). Respondent Warden Howard Hufford (hereinafter "respondent") counters that the BOP computed petitioner's prison term under the appropriate former law and BOP Program Statements, and, accordingly, the United States Parole Commission denied petitioner parole. (Doc. 16, Resp. to Pet. for Habeas Corpus (hereinafter "Resp. to Writ") at 6-7). On May 24, 2012, Magistrate Judge Blewitt issued a report and recommendation agreeing with respondent and proposing that the court deny the petition. (Doc. 18, Report & Recommendation at 7). Subsequently, petitioner filed timely objections, bringing this case to its current posture.

**Standard of Review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a de novo determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Id. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

Petitioner objects to the report and recommendation by reiterating his argument from the habeas corpus petition. As noted above, those issues are: (1) that the BOP mistakenly calculated petitioner's SDFL sentence under the SRA instead of the former law; and (2) that this mistake resulted in the denial of his parole eligibility. The court addresses each argument in turn.

**1). Did the BOP apply the wrong law?**

Petitioner contends that the BOP, when computing the aggregate length of his SDFL, NDNY and MDNC sentences, calculated his SDFL sentence under the SRA and not the former law. (Writ at 4, 9; Doc. 19,

Pet'r's Objections to the Report & Recommendation (hereinafter "Pet'r's Objections") at 2). The SRA repealed the former law and abolished parole for all federal crimes committed on or after November 1, 1987.[1] Hackley v. Bledsoe, No. 3:08-cv-1500, 2009 WL 585505, at *2 (M.D. Pa. Mar. 6, 2009) (citing Walden v. U.S. Parole Comm'n, 114 F.3d 1136, 1138 (11th Cir. 1997)). However, an SRA savings provision, section 235(b), kept the former law in effect for prisoners who committed their offenses *before* November 1, 1987. Hackley, 2009 WL 585505, at *2.[2] Because petitioner committed the relevant SDFL crime before the SRA's effective date, petitioner states that the former law applies to his SDFL sentence calculation. (Writ at 3-5; Pet'r's Objections at 2-3).

No evidence in the record supports petitioner's assertion that the BOP calculated his SDFL sentence under the SRA. Rather, all available evidence supports respondent's position that the BOP computed petitioner's SDFL, NDNY and MDNC sentences pursuant to the former law. Specifically, the sworn declaration of a BOP Management Analyst from the Designation and Sentence Computation Center in Grand Prairie, Texas

---

[1] In contrast to the SRA, the former law allowed parole for certain federal crimes. See 18 U.S.C. § 4205 (repealed).

[2] The savings provision still applies today. See United States Parole Commission Extension Act of 2011, Pub.L. No. 112-44, § 2, 125 Stat. 532 (amending the savings provision to expire on November 1, 2013).

and a BOP SENTRY Report show that the BOP computed petitioner's aforementioned sentences according to former law provision 18 U.S.C. § 4161 (repealed) and BOP Program Statement 5880.30.[3] (Giddings Decl. ¶¶ 1-2, 9; Doc. 16-1, Attach. 5, BOP SENTRY Report, Sentence Monitoring Computation Data at 1-4). Given the evidence, the court recognizes that the BOP used the former law to calculate the SDFL, NDNY and MDNC sentences. Thus, petitioner's first basis for relief is meritless.

**2). Was the denial of petitioner's parole proper?**

Under these circumstances, petitioner's second contention, that the BOP's SRA calculation resulted in the denial of his parole, is groundless. Although flawed, petitioner's argument nonetheless challenges the denial of his parole eligibility. Therefore, the court considers whether the denial of petitioner's parole was proper under the former law.

Under the former law, petitioner calculates twenty-three (23) years and five (5) months until his parole eligibility date. (Writ at 4). Petitioner arrives at this figure in part by aggregating his "parolable" SDFL and

---

[3] The SRA repealed 18 U.S.C. § 4161. See 18 U.S.C. 3551; Pub.L. 98-473, § 218(a)(4), 98 Stat. 2027. Section 4161 and BOP Program Statement 5880.30 provide guidance on calculating sentences for prisoners who committed their crimes before the SRA's effective date, November 1, 1987. See 18 U.S.C. § 4161 (repealed); DEPT. OF JUSTICE, BOP PROGRAM STATEMENT 5880.30 (1999), http://www.bop.gov/policy/progstat/5880_030.pdf.

nonparolable NDNY consecutive sentences pursuant to 18 U.S.C. § 4161 (repealed).[4] (Id.) After petitioner first serves the thirty (30) year nonparolable NDNY portion of his aggregated sentence, petitioner states that 18 U.S.C. § 4205 (repealed) affords him parole on the SDFL sentence.[5] (Id. at 4-5).

No evidence in the record, however, supports petitioner's characterization of his SDFL sentence as parolable. Rather, petitioner's SDFL violation under 21 U.S.C. § 841(a)(1) is a nonparolable offense. See 21 U.S.C. § 841(b) ("No person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed therein.")

As illustrated in the BOP Management Analyst's sworn declaration and the BOP SENTRY Report, the aggregation of petitioner's respective nonparolable SDFL and NDNY sentences under 18 U.S.C. § 4161 (repealed) results in a sixty (60) year *mandatory* imprisonment term. (Giddings Decl. ¶ 9; Doc. 16-1, Attach. 5, BOP SENTRY Report, Sentence Monitoring Computation Data at 1-4). Therefore, given the evidence, the

---

[4] The aggregation of consecutive sentences was required by 18 U.S.C. § 4161 (repealed). Petitioner's fifteen (15) year concurrent MDNC sentence is absorbed by the petitioner's longer consecutive sentences.

[5] Except to the extent otherwise denied by law, 18 U.S.C. § 4205 (repealed) affords prisoners parole for crimes after serving only one-third (1/3) of their sentence.

court finds the denial of petitioner's parole appropriate under the former law.

Moreover, the MDPA sentenced petitioner to a life sentence on August 11, 1997. (Giddings Decl. ¶ 8). Though petitioner omits the MDPA life sentence from his petition for writ of habeas corpus, respondent considers the sentence to illustrate petitioner's indefinite ineligibility for parole. (Resp. to Writ at 6-7). Because the relevant MDPA crime occurred after the SRA's November 1, 1987 effective date, the SRA applies. (Id. at 6; Doc. 16-1, Attach. 5, BOP SENTRY Report, Sentence Monitoring Computation Data at 5-6). Under the SRA, which abolished parole for federal crimes, petitioner is ineligible for parole on his MDPA sentence. Therefore, after petitioner serves his nonparolable sixty (60) year aggregated sentence, petitioner must begin serving his nonparolable MDPA life term.[6]

**Conclusion**

After careful consideration of the record, the court will deny petitioner's objections and will adopt Magistrate Judge Blewitt's report and

---

[6] Under BOP Program Statement 5880.28, former law sentences cannot be aggregated with SRA sentences. Thus, petitioner's SDFL, NDNY and MDNC aggregation must be treated separately from his MDPA sentence calculation.

recommendation. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDDY AGUILERA QUINJANO,<br>Petitioner<br><br>v.<br><br>WARDEN HOWARD HUFFORD,<br>et al.<br>Respondents | No. 3:11cv2254<br><br>(Judge Munley)<br><br>(Magistrate Judge Blewitt) |

## ORDER

**AND NOW**, to wit this 29th day of August 2012, it is hereby **ORDERED** as follows:

1). Magistrate Judge Blewitt's report and recommendation (Doc. 18) is hereby **ADOPTED**;

2). Petitioner's written objections (Doc. 19) are **OVERRULED**;

3). The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**;

4). There is no basis for the issuance of a certificate of appealability. 28 U.S.C. § 2253(c).

5). The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:


s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court